The State, *ex rel.* Wells, Administrator, *v.* Lindley *et al.*

No. 11,655.

THE STATE, EX REL. WELLS, ADMINISTRATOR, *v.* LINDLEY
ET AL.

DECEDENTS' ESTATES.—*Suit on Administrator's Bond.—Evidence.—Record.*—
In an action by an administrator against a former administrator of the
same estate and his sureties upon his bond, to recover a certain sum of
money received by the latter from a sale of real estate, the record of
such proceeding is admissible in evidence.
SAME.—Parol evidence is also admissible to prove the amount actually re-
ceived by such administrator upon the sale of such real estate.
NEW TRIAL.—*Reasons for.*—Reasons for a new trial are sufficiently definite
if they describe with reasonable certainty the rulings of the court of
which complaint is made.

From the Orange Circuit Court.

*W. H. Martin, J. L. Megenity* and *T. B. Buskirk,* for ap-
pellant.

*J. W. Buskirk, W. Farrell* and *W. Throop;* for appellees.

BEST, C.—This action was brought by the appellant against
Hiram Lindley and the other appellees as his sureties, upon
his bond as former administrator of the decedent's estate, to
recover a large sum of money alleged to have been received
by him from the sale of real estate while acting in such ca-
pacity. Issues were formed, a trial had, and judgment ren-
dered for the appellees. A motion for a new trial was over-
ruled, and this ruling is assigned as error. The reasons em-
braced in the motion, and relied upon for a reversal, are in
these words: "The court erred in refusing to permit the
plaintiff to introduce in evidence the records and files in the
land sale made by defendant Lindley while administrator of
Azor Charles.

"The court erred in refusing to permit the plaintiff to prove,
by the records of said land sale and files therein, and by pa-
rol, that there came into the hands of said Lindley, while act-
ing administrator under said sale, the sum of $5,000, which
he, said Lindley, retained and refused to pay over or ac-
count for."

The evidence sought to be introduced is in the record by bill of exceptions, which shows that it was excluded on the ground that the land sold was defectively described. An examination of the petition, order of sale and report of the administrator shows that there is no foundation in fact for the objection, and that the proceedings which embrace many distinct parcels of land describe the greater number of them accurately. This was sufficient to overcome the objection, if there was otherwise anything in it, and the evidence should have been admitted.

The appellee attempts to justify the action of the court by insisting that the reasons for a new trial were too general and indefinite to call the attention of the court to this particular ruling. We think otherwise. The reasons are definite and explicit, and could not, as it seems to us, have been misapprehended. Nothing unreasonable is required in describing the alleged erroneous rulings, and these are sufficiently descriptive. It is true, as stated, that two petitions appear in the record, but this fact creates no confusion, nor does it render the reasons for a new trial uncertain. The second petition was filed after the heirs attained full age, and its purpose seems to have been to bring this fact into the record. It did not supersede the former, but was merely supplemental, and as both preceded the order of sale, the whole constituted the record of such proceeding.

The appellees also maintain that the ruling was right, because the appellant offered no proof that the files in question were a record of the Orange Circuit Court. This was unnecessary, as the files themselves furnished presumptive evidence of such fact.

The parol proof was also admissible. The appellant had the unquestioned right to prove by parol the amount of money received by the administrator upon the sale of such land. This may have been much more than was shown by his report, and, if so, there was probably no other way by

---

which it could be shown. The appellant was not concluded by the report, but might prove the reception of the money by parol.

The court erred in overruling the motion for a new trial,. and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment is in all things reversed, at the appellees' costs, with instruction to grant a new trial.

